ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Allserv, Inc. | ) | ASBCA No. 64008-ADR |
| | ) | |
| Under Contract No. FA4626-23-D-0002 | ) | |

APPEARANCES FOR THE APPELLANT:    Matthew T. Schoonover, Esq.
Ian P. Patterson, Esq.
Haley M. Sirokman
  Schoonover & Moriarty LLC
  Olathe, KS

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter, III, Esq.
  Air Force Deputy Chief Trial Attorney
Geoffrey R. Townsend, Esq.
  Trial Attorney

SUMMARY BINDING DECISION
BY ADMINISTRATIVE JUDGE CATES-HARMAN

On February 7, 2023, the Department of the Air Force (AF or government) awarded Allserv, LLC, (Allserv or appellant) a commercial item contract which included several fixed unit-priced contract line items (CLINs) associated with ground maintenance services at Malmstrom Air Force Base for the period of February 1, 2023 through January 31, 2028.  (R4, tab 3 at 3)

Pursuant to an Alternative Dispute Resolution (ADR) agreement approved by the Board on May 5, 2025, the parties requested that this appeal be decided by a single-judge "summary proceeding with binding decision."  The parties agreed to have the issue of entitlement decided on the documentary record and the parties' briefs, with the presiding judge retaining discretion to determine the weight to be afforded to any Rule 4 documents or exhibits to briefs.  The parties further agreed that the Board's decision will contain no findings of fact or conclusions of law, and shall be final, conclusive, not subject to reconsideration or appeal, and may not be set aside, except for fraud.  (ADR Agreement at 2)  The parties additionally agreed that, should the Board find entitlement, they desire a Rule 10 hearing on quantum, including any claim for fees under the Equal Access to Justice Act fees.  This decision has no value as precedent and cannot be cited in any other proceeding.

<u>DECISION</u>

Based upon a review of the entire record and the parties' briefs, we find that, to the extent the government argues that appellant waived its claim, or that an accord and satisfaction resulted from bilateral Modification Nos. P00001 and P00002 (R4, tabs 8-9), it has failed to meet its burden of proof.

The appeal of Allserv is sustained. We hold that there was a constructive termination for convenience of FA4626-23-D-0002 (Contract) and FA462623F0018, FA4626-24-F-0032 (Task Orders). (R4, tabs 3-4, 7) This decision resolves entitlement only. Allserv is entitled to further compensation according to the terms set forth in Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS--COMMERCIAL ITEMS (NOV 2021). The Board shall resolve quantum consistent with the parties' ADR agreement.

Dated: March 2, 2026

STEPHANIE CATES-HARMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 64008-ADR, Appeal of Allserv, Inc., rendered in conformance with the Board's Charter.

Dated: March 2, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals